WILLIAM WEST *vs.* EUREKA IMPROVEMENT COMPANY.

April 24, 1889.

Pleading—Incorporation.—An allegation as to the corporate existence of a defendant may be stated in the complaint independently of a cause of action, and is no part of it.

Appeal for Delay—Damages Allowed.—It appears from the record in the case that the defendant has no defence to the promissory notes upon which the action is brought, and that this appeal was taken for delay merely. *Held*, that the percentage provided for by chapter 188, Laws 1887, in addition to other costs and disbursements, be awarded the plaintiff, and be added to any judgment he may recover in this action in the court below.

Appeal by defendant from an order of the district court for Ramsey county, *Brill*, J., presiding, overruling its demurrer to the complaint.

*Merrill & Willett*, for appellant.

*I. V. D. Heard*, for respondent.

COLLINS, J. Following an allegation of the corporative existence of the defendant herein, there is stated, for a first cause of action, in the complaint, the execution and delivery to plaintiff of the defendant's promissory note for a certain sum, and its failure to pay the same at maturity, and, for a second cause of action, the execution, delivery, and non-payment of another note made by defendant, payable to plaintiff, for the same amount. To each of these separately stated causes of action the defendant demurred, upon the ground that in neither was stated facts sufficient to constitute a cause

of action. The case comes to this court upon appeal from an order overruling the demurrer. The appellant's position is that the allegation relative to defendant's corporative character, standing, as it does, independently of each cause of action, is insufficient for either, and that, as the statute requires two or more causes of action to be separately stated when joined in the same complaint, this averment should have appeared in each. The rule invoked by the appellant is simply in line with another well-known statutory regulation requiring all pleadings involving the merits to contain a plain and concise statement of the facts, without unnecessary repetition. To secure the simplicity and terseness exacted by the statute it is very essential that different causes of action be disassociated, and that reiteration be avoided. The causes of action set forth in the case at bar, the origin and grounds therefor, are not found in the fact of defendant's corporate existence, but exist in the fact of its execution, delivery, and neglect to pay its promissory notes at maturity. While its corporate entity should be alleged in the pleading, the reproduction of the averment, as a part of each cause of action, would be a flagrant violation of the statute which forbids unnecessary repetition. The court below, when making its order on the demurrer, gave defendant leave to answer on or before a day certain. As the latter failed to avail itself of the privilege, but at the last moment appealed, and there seems to be nothing in the way of an entry of judgment in the district court when an affidavit of no answer and a *remittitur* is filed, we are justified in assuming that there is no defence to the notes on which the action is brought, and that the appeal was taken for delay merely. We are of that opinion, and that it is a case wherein the plaintiff should be allowed, in addition to costs and disbursements, the percentage contemplated by chapter 188, Laws 1887, where appeals are taken merely for delay. The order of the court below is affirmed, and it is further ordered that there be added by the clerk of the district court, upon the entry of judgment against the defendant and to said judgment, the sum of 3 per cent. thereof.